
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| VALERIE ELK, KATHERINE FIRE THUNDER, and KRISSY BAGOLA, | CIV. 09-1008 |
| Plaintiffs, | |
| -vs- | ORDER |
| UNITED STATES OF AMERICA, BIA Correctional Officer ROBERT HEWLETT, BIA Correctional Supervisor RICH SALANO, and BIA Law Enforcement Officer KELAN GORNEAU, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiffs instituted this action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et. seq., and against the individual defendants pursuant Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Indian Civil Rights Act, 25 U.S.C. §§ 1301-1303, claiming defendants violated their rights in conjunction with alleged illegal strip searches which took place at the Standing Rock Detention Center. The United States filed a motion to dismiss Krissy Bagola's tort claim for failure to exhaust her administrative remedies, as required by 28 U.S.C. § 2675(a). The United States further contends that plaintiffs' purported claims under the Indian Civil Rights Act claims must be dismissed for failure to state a claim. Finally, the United States claims that it is immune from a Bivens action.

Plaintiff Krissy Bagola does not oppose dismissal of her federal tort claim without prejudice while she exhausts her administrative remedies. Plaintiff contends that such a claim has been submitted. As a practical matter, dismissal and re-institution of the federal tort claim is a waste of judicial resources, given that the plaintiff claims the same facts giving rise to her federal tort claim also support her Biven action.

Plaintiffs do not oppose the United States' claim that the United States is immune from suit for the Constitutional claims asserted. Plaintiffs contend the <u>Bivens</u> action is maintained only against the individual defendants.

Plaintiffs have not opposed the motion to dismiss the Indian Civil Rights Act claim. This claim is properly dismissed as that Act does not provide any remedy other than habeas corpus. <u>Santa Clara Pueblo v. Martinez</u>, 436 U.S. 49, 61, 98 S.Ct. 1670, 1679, 56 L.Ed. 2d 106 (1978).

Now, therefore,

IT IS ORDERED:

1. The United States' motion, Doc. 6, to dismiss Krissy Bagola's federal tort claim for failure to exhaust administrative remedies is denied. That claim is held in abeyance pending exhaustion.

2. The United States' motion, Doc. 6, to dismiss the Indian Civil Rights Act claim is granted.

3. The United States' motion, Doc. 6, to dismiss the <u>Bivens</u> claim is denied. The <u>Bivens</u> claim is asserted only against the individual defendant.

Dated this 30th day of September, 2009.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Barbara J Galpbe
　　　　　　　　　DEPUTY
　　(SEAL)